ELDER, Judge,
concurring.
I concur with the judgment of the Court but not with the analysis of the majority opinion. It is unnecessary to analyze whether the arresting officer’s actions were undertaken in good faith or whether the arrest and search of appellant were performed pursuant to a mistake of fact. Instead, I would hold that the trial court did not err in denying appellant’s motion to suppress because the warrant for his arrest was valid. “Cases are to be decided on the narrowest legal grounds available.” Korioth v. Briscoe, 523 F.2d 1271, 1275 (5th Cir.1975); 21 C.J.S. Courts § 136(1) (1990).
The warrant was valid in this case because the parole officer’s language limiting its duration to sixty days had no legal effect. I find no authority for a parole officer to limit the time period during which the warrant is effective. Clearly a parole officer has statutory authority to issue a warrant for the arrest of a parolee whom the officer judges to be in violation of the terms of his parole. Code §§ 53.1-145(4), 53.1-162. Logic suggests that such a warrant remains in force until a competent judicial official makes a determination regarding the legitimacy of the parole officer’s allegations. At trial, the parole officer did not claim authority to limit the time period of warrants issued by him. Instead, he testified that he inserted the language in the warrant as a tracking mechanism to aid in the administration of outstanding warrants. Thus, the language in the warrant indicating that it was void after sixty days was mere surplusage and the warrant was still valid when it was executed on October 17, 1994. Because *587 appellant’s conviction should be affirmed on the ground that the cocaine was seized pursuant to a search incident to arrest based on a valid arrest warrant, I find it unnecessary to address other issues.